
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHUNGUO LIU,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   15-73031

Agency No. A087-832-525

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
San Francisco, California

Before:  S.R. THOMAS, McKEOWN, and GOULD, Circuit Judges.

Chunguo Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeals (BIA) decision dismissing his appeal of the Immigration

Judge's denial of his applications for asylum and withholding of removal.  We

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review the BIA's determination that an applicant failed to demonstrate eligibility for asylum or withholding of removal for substantial evidence. *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant in part and deny in part the petition.

## I

An asylum applicant "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (internal quotation marks omitted). "[E]ven a ten percent chance of persecution may establish a well-founded fear." *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). Liu argues that he established eligibility for asylum through his testimony. Under the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). The BIA determined that Liu's uncorroborated testimony was insufficient to meet his burden of showing an objectively reasonable possibility of persecution.

As an initial matter, Liu's testimony amply demonstrated that he had a reasonable fear of apprehension and detention at the hands of government actors in China. Liu's testimony established that government agents sought to arrest him for practicing and organizing Falun Gong and did in fact arrest, detain, and imprison all of the people with whom he regularly practiced. *Cf. Zhang v. Ashcroft*, 388 F.3d 713, 718 (9th Cir. 2004) (per curiam) ("[T]he treatment of his similarly-situated family members is highly indicative of the abuse that Zhang would encounter upon return."). Further, Liu's testimony established that the police have come to his home in China "often" to search for him since he has been in the United States. "This evidence of government interest in [Liu] increases his likelihood of future persecution." *Id.* at 718–19. Finally, Liu's testimony established that he continues to practice Falun Gong "every day" at his home in the United States.

The record evidence also supports the conclusion that the treatment Liu would face if detained could constitute "persecution." *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) ("[P]ersecution [is] an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." (internal quotation marks and citations omitted)). The 2012 State Department Country Report on China submitted with Liu's application suggests that detained

3

Falun Gong practitioners have been subjected to involuntary commitment to psychiatric facilities, physical and psychological coercion to renounce their beliefs, and assignment to reeducation-through-labor camps. We have repeatedly found such treatment to rise to the level of persecution. *See Zhao v. Mukasey*, 540 F.3d 1027, 1030-31 (9th Cir. 2008); *Zhou v. Gonzales*, 437 F.3d 860, 868 (9th Cir. 2006); *Zhang*, 388 F.3d at 719.

Accordingly, the record compels the conclusion that Liu is eligible for asylum. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). Substantial evidence does not support the BIA's contrary conclusion. Therefore, we must remand the asylum claim to the BIA for its further review.

II

To be eligible for withholding of removal, an applicant must show a "clear probability" of future persecution on account of a protected ground. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). This is a more stringent burden of proof than the "well-founded fear" test applicable in the asylum context. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). The record does not compel the conclusion that Liu's testimony alone was sufficient to meet this more stringent burden. *See Lim v. INS*, 224 F.3d 929, 939 (9th Cir. 2000) ("To require that asylum and withholding . . . must always walk together would be to render the

4

distinction between the two standards mere empty words.").  Each party shall bear its own costs.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART; REMANDED.**